NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0687n.06

No. 20-1481

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JAMES MICHAEL FITZPATRICK, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Dec 09, 2020 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | |
| | ) | ON APPEAL FROM THE |
| BRIDGESTONE RETAIL OPERATIONS LLC, dba | ) | UNITED STATES DISTRICT |
| Firestone Complete Auto Care; DOROTHY HART | ) | COURT FOR THE EASTERN |
| WILSON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |

Before: GUY, LARSEN, and MURPHY, Circuit Judges.

PER CURIAM. A dog bit James Fitzpatrick while he stood in line at an auto repair shop. Fitzpatrick sued the dog's owner, Dorothy Wilson, and Bridgestone Retail Operations, LLC, the owner of the repair shop, in state court, alleging a variety of state-law claims. Bridgestone removed the case to federal court, invoking the district court's diversity jurisdiction. The parties filed competing motions for summary judgment. The district court granted summary judgment to Fitzpatrick on one of his claims against Wilson and allowed two other claims against Wilson to proceed to trial. But the district court granted summary judgment to Bridgestone on all the claims against it, dismissing the claims with prejudice. The court later denied Fitzpatrick's motion for reconsideration. Fitzpatrick now appeals the orders granting summary judgment to Bridgestone and denying reconsideration.

Bridgestone argues that we lack jurisdiction over this appeal because Fitzpatrick has not appealed from a final decision of the district court. *See* 28 U.S.C. § 1291. Fitzpatrick's reply brief

offers no argument in response. Bridgestone is right. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467 (1978) (citation omitted). Here, the district court's orders did not end the litigation because Fitzpatrick's claims against Wilson remain outstanding.

There is an exception to the final-decision rule to consider. "[W]hen multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Fitzpatrick did not seek Rule 54(b) certification, and the district court did not certify the appeal. Absent Rule 54(b) certification, decisions "that adjudicate[] fewer than all the claims or the rights and liabilities of fewer than all the parties," *id.*, such as the orders appealed from here, do "not end the action as to any of the claims or parties," *id.* As a result, the orders appealed from were not final decisions, and we lack jurisdiction to entertain Fitzpatrick's appeal. We DISMISS for lack of jurisdiction.